MISSOURI STATE LIFE INSURANCE COMPANY AND GENERAL AMERICAN LIFE INSURANCE COMPANY v. EUGENE B. HARDIN AND EUGENE B. HARDIN, JR., AND EUGENE B. HARDIN, GUARDIAN AD LITEM.

(Filed 20 March, 1935.)

1. **Insurance I b—C. S., 6460 and 6289, held applicable to this action to cancel policy purchased by father on life of son.**

A father took out a policy of life insurance on his son in the sum of two thousand dollars, the policy providing that no further premiums would be required upon the death or total and permanent disability of the father. Insurer required no medical examination of the father. In an action by insurer to cancel the policy for alleged false and fraudulent representations as to the father's health made by the father in his application for the policy, C. S., 6460, providing that a policy issued without physical examination should not be void or payment resisted for misrepresentations as to applicant's physical condition except in cases of fraud, and C. S., 6289, providing that all statements in applications for insurance shall be deemed representations and not warranties, and that a representation should not prevent recovery on the policy unless material or fraudulent, *are held* applicable, and insurer is not entitled to cancellation for misrepresentations relating to the health of the father in the absence of fraud.

2. **Same—Applicant's statement that health was good held not fraudulent where evidence shows that applicant bona fide believed health to be good.**

The fact that at the time of making application, applicant suffered with an incurable disease is no evidence that his statement in his application,

that he was in good health, was fraudulent, where the uncontradicted evidence discloses that applicant was ignorant that he had the disease and had been informed by the physician discovering his condition upon examination that there was nothing the matter with him.

3. **Same—Applicant's failure to disclose physical examination held insufficient evidence of fraud where physician reported to applicant that health was good.**

In response to question in application as to whether applicant had had any disease or received any medical attention within ten years prior to application, applicant stated that he had been attended for influenza, but failed to disclose a physical examination upon which he was advised that there was nothing the matter with him, although the physician had discovered he was suffering from an incurable disease. The evidence disclosed that applicant believed in good faith that his health was good. *Held:* The evidence of fraud in applicant's answer to the question is insufficient to be submitted to the jury, insurer having accepted applicant's answer as satisfactory and sufficiently definite, and it appearing that the fact of examination with a favorable report thereon to applicant by the physician was not regarded by applicant as material.

APPEAL by plaintiffs from *Harris, J.,* at April Term, 1934, of NEW HANOVER. Affirmed.

This is an action for the cancellation of a policy of insurance which was issued by the plaintiff Missouri State Life Insurance Company on 17 February, 1931, and was thereafter assumed by the plaintiff General American Life Insurance Company, on the ground that the issuance of said policy was procured by false and fraudulent representations made by the defendant Eugene B. Hardin in his application for said policy. The action was begun on 11 February, 1933.

The policy was issued on the application of the defendant Eugene B. Hardin, and insures the life of his infant son, Eugene B. Hardin, Jr., in the sum of two thousand dollars. It was understood and agreed that the premiums on the policy would be paid by the defendant Eugene B. Hardin. It is provided in the policy that "in the event of the death of Eugene B. Hardin, Sr., father of the insured, hereinafter referred to as purchaser, while no premium is in default, no further payment of premiums will be required, and this policy will continue in force as a fully paid up policy." It is also provided in the policy that "the company will waive the payment of further premiums if the purchaser becomes totally and permanently disabled, subject to the limitations and conditions hereinafter defined."

The application for the policy, which is in writing, was signed by the defendant Eugene B. Hardin, at Wilmington, N. C., on 12 February, 1931, and contains, among others, the following questions and answers, together with the applicant's certificate that said answers are full, correct, and true:

INSURANCE CO. *v.* HARDIN.

"9. Has the purchaser had any disease or injuries, or received any medical or surgical advice or attention within the past ten years? If so, give details.

"Disease or injury: 'Flu.'  Date: 'March, 1922.'  Duration: '4 days.' Complications: 'None.'  Result: 'Recovered.'  Name medical attendant: 'Infirmary, U. of N. C., Chapel Hill, N. C.' "

"11. Is the purchaser now in good health?  'Yes.' "

The application was solicited by L. K. Breeden, agency supervisor of the plaintiff Missouri State Life Insurance Company, and was signed by the defendant Eugene B. Hardin, as purchaser, in his presence and in the presence of Leslie R. Hummel, local agent of the plaintiff, at Wilmington, N. C.  The questions in the application were read to the applicant by L. K. Breeden, who wrote the answer to each question in accordance with the response of the applicant.  The application, after it was signed by the applicant, was forwarded by its agents, with their approval endorsed thereon, to the plaintiff, and was received by the plaintiff at its home office in the city of St. Louis, Missouri, where it was in due course considered and approved by its underwriting department.  No medical examination of the applicant was required by the plaintiff.  The policy was issued by the plaintiff in accordance with the application as signed by the defendant and approved by its underwriting department.  It has been in full force and effect since its delivery.  All premiums due on the policy prior to the commencement of this action have been paid.

The evidence at the trial tended to show that for some time prior to July, 1928, the defendant had observed that he was at times unsteady in his walk or clumsy; that he would have a feeling that he was about to fall forward, especially when he was descending a stairway, which caused him to catch at and hold on to the rail or banister of the stairway.  At times he felt a numbness in his fingers.  He had observed these and other symptoms, from time to time, since he was a student at the University of North Carolina, in 1922, and spoke of them to his mother in 1928.  At her suggestion, the defendant consulted Dr. David R. Murchison, of Wilmington, N. C., who examined him, and advised him to consult Dr. E. J. Wood, also of Wilmington, N. C.  The defendant consulted Dr. Wood, who examined him, but did not inform the defendant his opinion as the result of the examination.  Dr. Wood reported to Dr. Murchison, who then advised the defendant to go to Baltimore, Maryland, and there consult Dr. Walter E. Dandy.  The defendant went to Baltimore and consulted Dr. Dandy, who examined him, and advised him to consult Dr. F. R. Ford, of Baltimore, Maryland.  The defendant consulted Dr. Ford, who examined him, but did not inform the defendant his opinion as to his condition.  Dr. Ford reported to Dr. Dandy, who

thereupon advised Dr. Murchison, at Wilmington, by letter dated 19 July, 1928, that he and Dr. Ford were of the opinion that the defendant was suffering with disseminated schlerosis, or creeping paralysis. This disease is progressive in its nature and is incurable. Dr. Murchison consulted with a brother of the defendant and informed him of the diagnosis made by all the doctors who had examined the defendant. They both agreed that it was best for the defendant, who was then about 25 years of age, not to inform him that he was suffering with an incurable disease. Dr. Murchison told the defendant that there was nothing the matter with him. When the defendant signed the application for the policy involved in this action, he did not know that he was then suffering with an incurable disease, but, on the contrary, was of the opinion that he was in good health. He was at that time employed in his father's drug store in Wilmington and continued in such employment until some time in 1932, when he was informed by a doctor in Philadelphia that he was suffering with an incurable disease—multiple schlerosis, or creeping paralysis. The defendant is now and has been since some time in 1932 totally and permanently disabled, within the terms of the policy. When the plaintiffs were informed of defendant's condition, they began this action to cancel the policy. At the date of the issuance of the policy the plaintiffs did not know that the defendant was then suffering with an incurable disease, or that he had consulted Dr. Murchison, Dr. Wood, Dr. Dandy, and Dr. Ford, in July, 1928.

At the close of all the evidence the defendant's motion for judgment as of nonsuit was allowed, and plaintiffs duly excepted.

From judgment dismissing the action as of nonsuit the plaintiffs appealed to the Supreme Court.

*Harold D. Knight and I. C. Wright for plaintiffs.*
*Bryan & Campbell for defendants.*

CONNOR, J. It is provided by statute in this State that when there was no medical examination of the applicant for a policy of life insurance which has been issued by a company doing business in this State, the policy shall not be rendered void, nor shall payment be resisted on account of any misrepresentation by the applicant as to his physical condition at the date of the application, except in cases of fraud. C. S., 6460. This statute is applicable to the instant case.

There was no evidence at the trial of this action tending to show any false and fraudulent representation by the defendant Eugene B. Hardin in his application for the policy, which was issued on said application by the plaintiff Missouri State Life Insurance Company, with respect to the physical condition of the applicant at the date of

application. It is true that all the evidence shows that he was suffering then with an incurable disease, but the uncontradicted evidence shows that the defendant was ignorant of this fact, and that he had been assured by a physician whom he had consulted in July, 1928, that there was nothing the matter with him at that time. There is certainly no evidence from which the jury could have found that the statement made by the applicant in answer to the 11th question in the application was fraudulent. All the evidence shows the good faith of the defendant when in response to the 11th question he stated that he was then in good health.

It is further provided by statute in this State that all statements in an application for a policy of insurance, or in the policy itself, shall be deemed representations and not warranties, and that a representation, unless material or fraudulent, will not prevent a recovery on the policy. C. S., 6289. This statute is applicable to the instant case.

There was no evidence tending to show that the answer of the defendant to the 9th question contained in the application was false or fraudulent. The evidence shows that the answer, while true and correct as certified by the defendant, was not full. It appears from the answer that the question was not answered categorically. The answer as written in the application by the agent of the plaintiff was accepted by him, and by the underwriting department of the plaintiff, as satisfactory. There was no evidence tending to show that the plaintiff Missouri State Life Insurance Company, before issuing the policy which it now seeks to have canceled, notified the defendant that his answer to the 9th question was not satisfactory. While the plaintiff had a right to all the information sought to be elicited by the question, when it issued the policy without requiring of the defendant a categorical answer to the question, it waived this right, and in the absence of fraud is not entitled to have the policy canceled upon its contention that the defendant wrongfully concealed the fact that he had received medical advice or attention within the ten years preceding the date of the application. All the evidence shows that if the defendant had been informed before the issuance of the policy that the plaintiff regarded the fact that he had been examined by doctors, and informed by them that there was nothing the matter with him, as material, he would have so informed the plaintiff.

The cases in this and other jurisdictions cited by counsel for the plaintiff do not sustain their contention that there was error in the judgment of the Superior Court in this action. The judgment is

Affirmed.